UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

HOMER T. MCCRARY,                    No. 2:06-cv-0086-MCE-KJM

       Plaintiff,

  v.

CARLOS M. GUTIERREZ, in his official capacity as Secretary of Commerce, the NATIONAL MARINE FISHERIES SERVICE, and RUSS M. STRACH, in his official capacity as Assistant Regional Administrator of the Protected Resource Division of the Southwest Region of the National Marine Fisheries Service,

       Defendants.

----oo0oo----

///
///
///
///
///
///
///

1    Through the instant action, Plaintiff Homer T. McCrary
2 ("Plaintiff") challenges the listing of a particular subset of
3 coho salmon under 16 U.S.C. § 1533 of the Endangered Species Act
4 ("ESA"),  Defendants Carlos Gutierrez, United States Secretary of
5 Commerce, the National Marine Fisheries Service ("NFMS"), and
6 Russ M. Strach, NFMS Assistant Regional Administrator of the
7 Protected Resources Division of the Southwest Region (hereinafter
8 collectively referred to as "Defendants" unless otherwise noted)
9 now move to dismiss Plaintiff's Complaint on grounds of improper
10 venue pursuant to Federal Rule of Civil Procedure 12(b)(3).[1]
11 Alternatively, Defendants request that this lawsuit be
12 transferred in the interests of justice in accordance with 28
13 U.S.C. §§ 1404 and 1406.  As set forth below, while the Court
14 cannot conclude that venue is technically improper, it
15 nonetheless finds that the balance of convenience weighs
16 overwhelmingly in favor of adjudicating this matter in the
17 Northern District.  Consequently Defendants' transfer request
18 will be granted.
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///

---

[1] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless otherwise noted.

**BACKGROUND**

Plaintiff's Amended Complaint in this matter states unequivocally that "this suit concerns the lawfulness of listing as an "endangered species" a tiny, emphemeral, artificially-introduced, and hatchery dependent subset of the overall coho salmon species presently found in rivers and streams south of San Francisco, California." (Am. Compl., ¶ 4). The Amended Complaint is equally clear in contending that Plaintiff, an individual owning land and timber interests along the California coast south of San Francisco, has suffered economic loss as a result of the ESA listing of the coho salmon species in question. (Id. at ¶ 1). Plaintiff is alleged to reside in Davenport, California, a community located in Santa Cruz County. He presented a petition to delist the coho salmon species identified above, and commenced the instant action after that petition was dismissed by NMFS. Plaintiff, in bringing this action, asserts that NMFS' actions in that regard were arbitrary and capricious and/or contrary to law in violation of the Administrative Procedure Act, 5 U.S.C. §§ 706(2)(A) and 706(2)(D).

Plaintiff has filed suit in the Eastern District solely on grounds that Russ M. Strach, an Assistant Regional Administrator for the NMFS and a named Defendant in this action, has an office in Sacramento. While Defendant Strach concedes that his office is indeed located within the Eastern District, he states that only the Assistant Administrator of Fisheries in Silver Spring, Maryland has authority to make listing decisions under the ESA.
///

3

1  That individual has not delegated that authority to others and,
2  according to Strach, Strach's job is simply to coordinate
3  research, develop analyses, and make listing recommendations.
4  (Id. at ¶¶ 4-5).

## STANDARD

28 U.S.C. § 1391(e) provides that civil actions against federal officers and agencies like Defendants herein may be brought:

> "in any judicial district in which (1) a defendant in the action resides, or (2) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) the plaintiff resides if no real property is involved in the action."

In addition, the ESA includes a venue provision that allows suits brought under its citizen suit provisions to be filed "in the judicial district in which the violation occurs." 16 U.S.C. § 1540(g)(3)(A). The ESA provision supplements the general venue statute. See Nw. Forest Res. Council v. Babbitt, 1994 SL 90586, *2 (D.D.C. Apr. 13, 1994 ("the statute permits - but does not require - a lawsuit to be brought in the judicial district in which the violation occurs.").

If venue is improper, a district court may either dismiss the action or, if it deems appropriate in the interest of justice, transfer the action to a district in which it could have been brought. 28 U.S.C. § 1406(a).

///
///

4

Moreover, even if venue is technically proper, under 28 U.S.C. § 1404(a) a federal district court may transfer an action it determines may be more conveniently tried elsewhere:

> "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

The court has broad discretion in determining whether the factors enumerated in § 1404 mandate transfer under the particular circumstances present in each case. E.& J. Gallo Winery v. F.& P.S.p.A., 899 F. Supp. 465, 466 (E.D. Cal. 1994). Motions to transfer should not be liberally granted (Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988)), with the burden of establishing a need to transfer falling squarely on the moving party. Commodity Futures Trading Comm'n v. Savage, 611 F.2d 270, 279 (9th Cir. 1980). Whether venue should be transferred in any given case depends on "individualized, case-by-case consideration of convenience and fairness." Van Dusen v. Barrack, 376 U.S. 612, 622 (1964).

Unless the balance of convenience is strongly in favor of the defendant, plaintiff's choice of forum should generally not be disturbed. E.& J. Gallo, 899 F. Supp. at 466. The balance of convenience must clearly weigh in favor of transfer is plaintiff's choice of venue is to be disturbed, and transfer is not warranted if the result is merely to shift inconvenience from the one party to the other. Harris v. Nat'l R.R. Passenger Corp., 979 F.Supp. 1052, 1053-54 (E.D. Pa. 1997).

///
///

5

In order to meet its heavy burden in demonstrating inconvenience, affidavits or declarations may be required.  E.& J. Gallo, 899 F.Supp. at 466.

## ANALYSIS

Defendants claim that venue premised on Defendant Strach's residence is improper because he lacks any decision making authority in this matter and is consequently not a properly named party.  Because even Mr. Strach appears to concede that he plays some role in the decision making process at issue (see Strach Decl, ¶ 5), however, and because it appears undisputed that Strach resides in Sacramento, this Court cannot conclude on the basis of the record before it that Mr. Strach's residence is insufficient to establish venue within the Eastern District. Hence this lawsuit is not subject to dismissal for improper venue under either Rule 12(b)(3) or 28 U.S.C. § 1406(a).

Defendant's alternative request that venue be transferred under § 1404(a) is nonetheless abundantly justified.  Plaintiff does not dispute that the coho salmon species targeted by his delisting petition are located in the Northern District of California and do not exist in the Eastern District of California.  It is further undisputed that Plaintiff himself resides in the Northern District, and that his land and timber interests allegedly affected by NMFS' decisions are also within the Northern District.

///

///

6

Finally, the Strach declaration indicates that the NFMS' scientific response to the petition was developed by NFMS scientists located in its Santa Cruz Laboratory, a facility situated in the Northern District. (Strach Decl., ¶6). Hence the subject matter of this lawsuit (the coho salmon subspecies) is located in the Northern District, the alleged injury occurred to interests within the Northern District possessed by a Northern District resident, and the basis for the challenged decision appears to have been formulated in large part within the Northern District. These facts overwhelmingly demonstrate that the appropriate venue for this matter is the Northern District of California, and utterly eclipse any tenuous connection this lawsuit may have to the Eastern District by virtue of Defendant Strach's location in Sacramento, particularly since Strach was not the decision maker in the listing decision and appears at most to have been only in a position to have made a recommendation in that regard. While Plaintiff's choice of venue is ordinarily entitled to deference, that choice simply cannot be maintained given the circumstances surrounding this case. See Carolina Cas. Co. v. Data Broad. Corp., 158 F. Supp. 2d 1044, 1048 (N.D. Cal. 2001) (deference to plaintiff's choice of forum is "substantially reduced where the plaintiff's venue choice is not its residence or where the forum lacks a significant connection to the activities alleged in the complaint").

///
///
///
///

7

**CONCLUSION**

The Amended Complaint in this matter shows on its face that the balance of conveniences tips strongly in favor of litigating this matter in the Northern District. The Declaration of Defendant Strach further underscores that conclusion, and through this motion Defendants have met their burden of proof in showing that the interests of justice merit transfer. Accordingly, Defendants' Motion, to the extent it requests transfer of venue under 28 U.S.C. § 1404(a), is GRANTED.[2] This case is transferred to the United States District Court for the Northern District of California. Defendants' alternative request that this action be dismissed entirely for improper venue is DENIED.

IT IS SO ORDERED.

DATED: June 22, 2006

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE

---

[2] Because oral argument will not be of material assistance, the Court ordered this matter submitted on the briefing. E.D. Cal. Local Rule 78-230(h).